IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-0376-01 |
| | § | |
| MAYARI PAZ | § | |

**<u>ORDER</u>**

The defendant, Mayari Paz, pled guilty to aiding and abetting the possession with intent to distribute five kilograms or more of a controlled substance, namely, cocaine. In a judgment entered on December 21, 2004, this Court sentenced Paz to serve 120 months of imprisonment, followed by a five-year term of supervised release. Paz has filed a *pro se* motion seeking a reduction in sentence for substantial assistance under Rule 35(b) of the Federal Rules of Criminal Procedure. (Docket Entry No. 54). The motion must be denied for reasons set forth briefly below.

The certificate of service attached to the motion shows that Paz has not provided the government with a copy of her motion. With only limited exception, all written motions must be served on the other party. FED. R. CRIM. P. 47(a). Motions that do not comply with this requirement may be stricken from the record.

More importantly, Paz fails to show that she is entitled to relief under Rule 35(b) of the Federal Rules of Criminal Procedure. Rule 35(b) provides that the district court, on motion of the government, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense. By its plain terms, Rule 35(b) authorizes the government, not the

defendant, to file a motion seeking a reduced sentence. *See United States v. Early*, 27 F.3d 140, 141 (5th Cir.), *cert. denied*, 513 U.S. 1027 (1994).

The record confirms that the government has not filed a Rule 35(b) motion in this case. When the government agrees to file a substantial-assistance motion, its refusal to file one is not reviewable unless that refusal is based on an unconstitutional motive such as race or religion. *See Wade v. United States*, 504 U.S. 181, 185 (1992); *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995). In this instance, Paz alleges that the government agreed to file a Rule 35(b) motion on her behalf and that she has "cooperated" in an unspecified manner. Paz makes only vague allegations, however, and provides no details in support of her claims. The mere claim that a defendant provided substantial assistance does not warrant a sentence reduction under Rule 35(b). *See Wade*, 504 U.S. at 186.

Paz does not allege that the government's failure to file a Rule 35(b) motion is based on an unconstitutional motive. Therefore, her request for relief under Rule 35(b) is "an unauthorized motion" that this Court lacks jurisdiction to entertain. *See Early*, 27 F.3d at 142. Accordingly, it is **ORDERED** that the motion (Docket Entry No. 54) is **DENIED** for lack of jurisdiction.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **September 6, 2005**.

_____
Nancy F. Atlas
United States District Judge